IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIC M. RICHARDSON, #44241-037 | * | |
| | * | |
| Petitioner, | * | Civil Action No.  JKB-16-3829 |
| | * | |
| v. | * | |
| | * | |
| UNITED STATES OF AMERICA | * | |
| | * | |
| Respondent | * | |
| | *** | |

# MEMORANDUM

On November 28, 2016, Eric M. Richardson, a federal inmate at the Federal Correctional Institution-Schuylkill in Pennsylvania, submitted correspondence stating his intent to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge his judgment of conviction. The court will construe his filing as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.

## BACKGROUND

On July 26, 2010, Richardson pleaded guilty in the District of Maryland to conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846. *See United States v. Richardson,* Criminal Action No. JKB-09-288 (D. Md.). Richardson was adjudicated a career offender, and on December 1, 2010, the Honorable William D. Quarles, Jr.[1] sentenced him to 180 months of imprisonment.

On December 21, 2012, Richardson filed his first 28 U.S.C. § 2255 motion. *Id.* ECF No. 1179. On April 17, 2013, the court dismissed Richardson's § 2255 motion as time-barred. *Id.* ECF No. 1129, 1130. Richardson filed a notice of appeal, and on June 18, 2013, the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed

---

[1]  Judge Quarles has since retired from the bench, and this case was reassigned.

the appeal. *United States v. Richardson*, 529 F. App'x 342 (4th Cir. 2013) (per curiam).

On August 8, 2014, Richardson filed a motion titled "Emergency Motion to Correct Sentence Under 28 U.S.C. § 2241," challenging his career offender status under *Descamps v. United States*, 133 S. Ct. 2276 (2013).  Judge Quarles deemed the Petition more properly treated as a Motion to Vacate, Set Aside or Correct pursuant to 28 U.S.C. § 2255, and the case was docketed. *See Richardson v. United States*, Civil Action No. JKB-14-2542 (D. Md.). [2]

On November 24, 2014, the government requested holding *Richardson v. United States*, Civil Action No. JKB-14-2542 (D. Md.) in abeyance pending resolution of *United States v. Whiteside* (Appeal number 13-7152), which was then before the United States Court of Appeals for the Fourth Circuit, and Judge Quarles granted the stay. As explained by the government, Richardson's motion challenged his status as a career offender based on new case law and called into question whether his predicate convictions should have been counted toward his career offender status. *See United States v. Richardson*, Criminal Action No. JKB-09-288 (D. Md.). ECF 1343 at 4.  In numerous filings, Richardson has opposed the stay.  The case remains stayed and will not be considered in this memorandum.

## RICHARDSON'S § 2241 PETITION

As best as can be discerned from his most recent correspondence, Richardson wants to challenge his judgment of conviction in a § 2241 petition, not a motion to vacate pursuant to 28 U.S.C. § 2255.  He complains the § 2255 Motion filed by his counsel in Civil Action No. JKB-16-2341 "superseded and replaced" his "2241 remedy" without his notice or consent. Civil Action No. JKB-16-3829, ECF 1.  Richardson indicates in his correspondence, however, that he

---

[2] A court may recharacterize a pro se motion "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381 (2003); *see also Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (stating characterization of a *pro se* motion is determined by its subject matter and not the caption assigned to it by the litigant).

agreed to allow his counsel, the Federal Public Defender, "to address the government invoking of the *Johnson* decision." ECF 1.

As a general rule, collateral challenges to a criminal conviction must be filed pursuant to § 2255. A prisoner must challenge the legality of his sentence under 28 U.S.C. § 2255 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see Rice v. Rivera*, 617 F.3d 802, 806-08 (4th Cir. 2010) (per curiam); *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(e); *see also Farrow v. Revell*, 541 F. App'x 327, 328 (4th Cir. 2013) (per curiam) ("A federal prisoner who seeks to challenge the legality of his conviction or sentence generally must proceed pursuant to § 2255, while § 2241 petitions are reserved for challenges to the execution of the prisoner's sentence.") (citing *In re Vial,* 115 F.3d 1192, 1194 (4th Cir. 1997)).

As noted above, Richardson's first § 2255 petition was denied. Thus, any subsequently filed § 2255 motion is a second or successive motion for which prefiling authorization from the Court of Appeals must be obtained. A federal district court lacks jurisdiction to consider a second or successive § 2255 motion unless it has been certified in advance by a panel of the appropriate circuit court of appeals and found to contain newly discovered evidence bearing on the innocence of the movant or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). A § 2241 habeas petition may not be used to circumvent the statutory limitations imposed on second or successive § 2255 motions. *See Jones,* 226 F.3d at 333; *Vial*, 115 F.3d at 1194 n.5.

Richardson has received authorization to file a successive petition. On June 23, 2016, the United States Court of Appeals for the Fourth Circuit granted Richardson's motion, filed by his court-appointed counsel, for prefiling authorization. The Fourth Circuit determined that

Richardson made a prima facie showing that the new rule of constitutional law announced in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague), and held to apply retroactively to cases on collateral review by *Welch v. United States*, 136 S. Ct. 1257 (2016), may apply to his case. *See In re Eric Richardson,* CA No. 16-743 (4th Cir. 2016). In consequence, on June 24, 2016, Richardson's counsel filed a successive motion under § 2255 based on the ruling in *Johnson*, 135 S. Ct. at 2551. The case was docketed in this court as Civil Action No. JKB-16-2341 (D. Md.). In that case, Richardson's counsel argues that in light of *Johnson*, Richardson is no longer a career offender because his prior Maryland convictions no longer qualify as career offender predicate "crimes of violence." ECF No. 1539.

To the extent Richardson may intend to challenge his judgment of conviction in his November 28, 2016, correspondence or elsewhere by way of a § 2241 petition, he may not do so unless the "savings clause" under 28 U.S.C. § 2255(e) applies for a § 2255 motion deemed ineffective and inadequate to provide the relief requested. To show a § 2255 motion is inadequate and ineffective to test the legality of a conviction under the savings clause, a litigant must show that (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34. Further, the savings clause of § 2255 is "confined to instances of actual innocence of the underlying offense of conviction," not "innocence" of a sentencing factor. *Darden v. Stephens*, 426 F. App'x 173, 174 (4th Cir. 2011) (refusing to extend the savings clause to reach

the petitioner's claim that he was actually innocent of being a career offender).  Section 2255 is inadequate or ineffective only in the "rare situation" where an intervening change in law makes the crime for which the petitioner was convicted "non-criminal." *Okereke v. United States*, 307 F.3d 117, 120 (2002). "The remedy afforded by § 2255 is not rendered inadequate or ineffective merely because ... an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, at 1194 n.5.

Richardson does not discuss, much less satisfy the requisites set forth in *Jones* entitling him to proceed under the savings clause and challenge his sentence under § 2241.  Most importantly, a remedy is available to Richardson under § 2255 because he has been granted authorization to file a successive petition. Thus, the remedy under § 2255 is neither inadequate nor ineffective so that the savings clause applies. Accordingly, to the extent Richardson's correspondence can be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, it will be dismissed without prejudice.

## CONCLUSION

For these reasons, Richardson's correspondence, construed as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, is dismissed without prejudice. A Certificate of Appealability shall not issue and this § 2241 proceeding will be closed.  Richardson's claims set forth in his § 2255 proceedings remain stayed and will be considered once the stay is lifted. [3]

A separate order follows this memorandum.


December 12, 2016                                         /s/
                                            James K. Bredar
                                            United States District Judge

---

[3]  Richardson, in response to his request for a copy of his docket sheet, was sent this information on October 28, 2016, in accordance with court procedure and policy.